KINCAID v DEPARTMENT OF CORRECTIONS

Docket No. 111727. Submitted July 19, 1989, at Grand Rapids. Decided September 6, 1989.

Timothy Kincaid, an inmate at the State Prison of Southern Michigan in Jackson, received a major misconduct citation on February 16, 1987, and was found guilty at a hearing on March 2, 1987. On March 5, 1987, Kincaid sent a letter to the Department of Corrections requesting, under the Freedom of Information Act, copies of the misconduct report, all statements and documents submitted at the hearing, the hearing investigation report, and the hearing report so that he could file an appeal. On March 9, 1987, the department denied the request, stating that the request did not describe the record sufficiently to enable the department to find it. The denial form suggested that Kincaid submit a new request, indicating that the department needed the actual date of hearing. On March 11, Kincaid submitted a second request, making the hearing date absolutely clear. On March 13, the second request was denied for the same reasons given for the first denial and stating that the actual date the hearing was held was needed. On April 6, Kincaid submitted a third request, again setting forth the precise hearing date and chronicling his efforts to obtain the information. The department failed to respond to this request. Kincaid filed suit against the Department of Corrections in Ingham Circuit Court, seeking punitive damages pursuant to the FOIA. Defendant answered, stating that a misconduct report pertaining to plaintiff for the date requested did not exist, that defendant acted in good faith in accordance with the requirements of the FOIA, and that each of plaintiff's requests was responded to in a timely and reasonable manner in compliance with the FOIA. Plaintiff moved for summary disposition on the ground that defendant failed to state a valid defense, submitting a copy of defendant's major misconduct docket, which indicated that the hearing in question was in fact held on

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 46.14-46.19; Summary Judgment §§ 11, 16.

See the Index to Annotations under Freedom of Information Acts; Prisons and Prisoners.

March 2, 1987, as plaintiff claimed. Defendant did not respond to the motion. The court, Michael G. Harrison, J., granted the motion, finding defendant's actions to be arbitrary and capricious and ordering defendant to turn over the records sought and pay $500 in punitive damages. Defendant petitioned the court for reconsideration, contending that when plaintiff made his requests defendant discovered the record to be missing and that every effort was made to locate the records but without success. The motion for reconsideration was denied. Defendant appealed.

The Court of Appeals *held:*

The court's grant of summary disposition and assessment of punitive damages was entirely proper. The facts demonstrate that defendant's conduct was indeed arbitrary and capricious in contravention of the FOIA. Plaintiff's request was sufficiently specific, defendant did not carry its burden to show otherwise, and the court properly rejected defendant's affirmative defenses as a matter of law.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE DEFENSE.

A motion for summary disposition for failure to state a valid defense tests the legal sufficiency of the pled defense; such a motion is tested by reference to the pleadings alone, with all well-pled allegations accepted as true, and the proper test is whether the defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny the plaintiff's right to recovery; further, summary disposition is improper under this rule where a material allegation of plaintiff's complaint is categorically denied (MCR 2.116[C][9]).

2. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT.

A request for disclosure of information pursuant to the Freedom of Information Act must describe the requested records sufficiently to enable the public body to find them; when a request for records is denied on the ground that the descriptions are insufficient to enable the public body to locate the records, the person requesting the records has two options: he may either revise the description or file suit in circuit court, in which case the sole issue for the court is whether the records were sufficiently described (MCL 15.233[1], 15.235[7], 15.240; MSA 4.1801[3][1], 4.1801[5][7], 4.1801[10]).

3. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — NONDISCLOSURE OF INFORMATION.

A public body bears a heavy burden of justifying nondisclosure of

information requested under the Freedom of Information Act
(MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Barbara A. Schmidt,* Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Defendant, Michigan Department of Corrections, appeals as of right from the circuit court's grant of summary disposition in favor of plaintiff, Timothy Kincaid, and the award of punitive damages on his action alleging violation of the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Summary disposition was granted on the basis of MCR 2.116(C)(9), failure to state a valid defense. We affirm.

Plaintiff, presently and throughout, has been incarcerated at the State Prison of Southern Michigan in Jackson. On March 5, 1987, plaintiff forwarded a letter to defendant which stated that he had received a major misconduct citation on February 16, 1987, and was found guilty on March 2, 1987. The letter then requested copies of the misconduct report, all statements and documents submitted at the hearing, the hearing investigation report, and the hearing report.

On March 9, 1987, defendant denied plaintiff's request stating that the records requested did not exist under the name or description given and that "[y]our request does not describe the record sufficiently to enable us to determine what record you are seeking." Further, defendant's denial form suggested that plaintiff submit a new request, indicating that defendant needed the "actual date of hearing."

On March 11, 1987, plaintiff submitted a second request which made the hearing date absolutely clear, stating specifically:

> The actual date of the hearing, *as stated in my first request,* was March 2, 1987. I was on a visit at the time, and the hearing was held in my absence. I received the guilty verdict in the mail. However, the misconduct and the guilty finding were lost when I was moved from 11 to 8 Blk. Again, I request the above documents so that I can prepare and file an appeal in this matter.

On March 13, 1987, defendant again denied plaintiff's request for the same reasons given in its first response form. Additionally, this second denial stated: "H/O packet of 3-2-87 (Nothing in hearing file of that date pretaining [sic] to you. *Must have actual date hearing was held)."* [Emphasis added.]

On April 6, 1987, plaintiff submitted a third request to defendant which again set forth the precise hearing date, as well as a chronicle of his efforts to obtain the requested information. He concluded his letter by stating:

> I have twice given the date of the hearing, and it would be impossible for me to describe the record since I was not present at the hearing, nor am I in possession of any of the record.
>
> As a result of the denials of my F.O.I.A. requests, I am being deprived of my right to appeal. I have also been layed-in from my assignment in industries, moved out of the honor block, and deprived of visits as a result of the guilty finding on the misconduct.
>
> I respectfully request that you straighten this matter out. After the five (5) day response period, I will have no other recourse than to take legal action.

Defendant failed to respond to this latest letter, and plaintiff received no further communications of any kind from defendant with respect to his request as a whole.

On June 2, 1987, plaintiff filed his complaint and sought punitive damages pursuant to the FOIA. On September 1, 1987, defendant filed its answer asserting two affirmative defenses: (1) that a misconduct report pertaining to plaintiff for the date requested, March 2, 1987, did not exist, i.e., plaintiff did not provide an accurate date of the hearing; and (2) that defendant acted in good faith in accordance with the requirements of the FOIA and each of plaintiff's requests was responded to in a timely and reasonable manner in compliance with the FOIA.

On September 28, 1987, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9). In support, plaintiff submitted a copy of defendant's major misconduct docket, which indicated that the hearing in question was in fact held on March 2, 1987, as plaintiff claimed. Defendant did not respond to plaintiff's motion.

On February 26, 1988, the circuit court granted plaintiff's motion, stating:

Defendant does not deny that Plaintiff received his major misconduct ticket on February 16, 1987, or that he was found guilty of the violation on March 2, 1987. Defendant denied Plaintiff's request solely on the basis that its files regarding misconduct matters are organized by the date of hearing. If in fact the date of hearing on Plaintiff's guilt finding is not March 2, 1987, Defendant is obviously of the opinion that it need not examine its files for the days immediately preceding the guilt finding. The Court is of the opinion that Defendant's strict application of MCL 15.233(1); MSA 4.1801(3)(1), is unreasonable. Defendant knew

the date of Plaintiff's guilt finding and could easily determine the date of his hearing. Moreover, Defendant became aware after Plaintiff's second request that Plaintiff had no other way of determining the hearing date since he had lost his own records in a move from one cell block to another. Defendant's failure to provide Plaintiff with such easily determinable records for the reasons given is unreasonable.

Further, the court found that defendant's claims of good faith were unreasoned and did not negate the arbitrary and capricious quality of its denial which breached the "very intent" of the FOIA.

The court concluded that, since defendant failed to deny plaintiff's allegations, its defenses were clearly untenable as a matter of law, and, therefore, no factual development could possibly deny plaintiff's right to recovery. The court ordered defendant to turn over plaintiff's records and pay $500 in punitive damages.

On March 4, 1988, defendant petitioned the circuit court for reconsideration. For the first time, defendant submitted the affidavits of two of its employees to support its contention that when plaintiff made his requests defendant discovered the records to be "missing" and that every effort was made to locate them but without success.

The court denied defendant's motion on August 30, 1988, observing that defendant in its answer and affirmative defenses claimed only that plaintiff's requests failed to sufficiently describe the records sought and that defendant in its motion claimed they were missing. As in its original opinion of February 26, 1988, the court found that the records sought by plaintiff formed the basis of his guilt on the major misconduct violation and, therefore, defendant's failure to provide them breached the intent of the FOIA.

Despite defendant's protestations to the contrary, we find we are in complete agreement with the circuit court under the facts of this case.

A motion for summary disposition pursuant to MCR 2.116(C)(9), for failure to state a valid defense, tests the legal sufficiency of the pled defense. Such a motion is tested by reference to the pleadings alone, with all well-pled allegations accepted as true. The proper test is whether defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. Further, summary disposition is improper under this rule where a material allegation of plaintiff's complaint is categorically denied. *Hazel Park v Potter,* 169 Mich App 714, 718; 426 NW2d 789 (1988).

A request for disclosure pursuant to the FOIA must describe the requested records sufficiently to enable the public body to find them. MCL 15.233(1); MSA 4.1801(3)(1). When a request for records is denied on the ground that the descriptions are insufficient to enable the public body to locate the records, the person requesting the records has two options. He may either revise the description or, pursuant to MCL 15.235(7); MSA 4.1801(5)(7), and MCL 15.240; MSA 4.1801(10), file suit in circuit court. If suit is filed, the sole issue for the trial court is whether the records were sufficiently described. *Cashel v Smith,* 117 Mich App 405, 412; 324 NW2d 336 (1982), lv den 417 Mich 956 (1983).

The public body has the burden of justifying nondisclosure of the requested records. MCL 15.240(1); MSA 4.1801(10)(1). The burden is a heavy one, and it is the duty of this Court to determine whether it has been met. *United Plant Guard Workers of America v Dep't of State Police,* 118 Mich App 292, 295; 324 NW2d 611 (1982), aff'd

422 Mich 432 (1985); *Penokie v Michigan Technological University,* 93 Mich App 650, 663; 287 NW2d 304 (1979).

In this case, the circuit court's grant of summary disposition and assessment of punitive damages was entirely proper as the facts demonstrate that the defendant's conduct was indeed arbitrary and capricious in contravention of MCL 15.240(5); MSA 4.1801(10)(5). For the better part of three months, plaintiff repeatedly attempted to obtain his disciplinary records, which were necessary for him to be able to appeal the defendant's finding of guilt on the major misconduct violation. In response, defendant twice denied plaintiff's requests on the basis that his requests were not sufficiently specific and the records did not exist as described, despite the fact that defendant's own records established the exact opposite to be true. Eventually defendant simply ignored plaintiff's request.

When plaintiff moved for summary disposition, defendant did not respond or attend the hearing. The circuit court reasonably found plaintiff's request to be sufficiently specific. Further, defendant by not responding clearly did not carry its burden to show otherwise, and the court properly rejected defendant's affirmative defenses as a matter of law.

Moreover, defendant's last-minute attempts to argue that the records were lost or stolen do it no credit or service. Defendant claims that as early as March 3, 1987, it knew that the records existed, but were missing. Yet, defendant failed or refused to inform plaintiff or the court until faced with an order granting plaintiff summary disposition and punitive damages.

Thus, we find no error on the part of the circuit court and affirm.

Affirmed.