WALEN v DEPARTMENT OF CORRECTIONS

Docket No. 116548. Submitted October 8, 1990, at Detroit. Decided May 20, 1991, at 9:30 A.M.

Raymond Walen, Jr., and David Desorcy brought an action in the Ingham Circuit Court against the Department of Corrections, requesting an order under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, that the director of library services at the State Prison of Southern Michigan in Jackson provide the plaintiff inmates the opportunity to inspect the final decisions and orders, as well as supporting records, in various prison disciplinary cases. The court, James R. Giddings, J., granted the defendants summary disposition on the grounds that the FOIA publication requirements do not apply to prison disciplinary hearings and decisions and that, even if they did, MCL 791.252(k); MSA 28.2320(52)(k), concerning the procedure for hearings in the Department of Corrections, requires that such decisions be given only to the affected prisoner. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court properly determined that the FOIA publication requirements do not apply to prison disciplinary hearings and decisions. The FOIA requires a state agency to publish and make available to the public final orders or decisions in contested cases and the records on which they were made. The FOIA adopts the Administrative Procedures Act's definition of a contested case. A prison disciplinary case falls within the APA's definition of a contested case, MCL 24.203(3); MSA 3.560(103)(3); however, such proceedings are specifically exempted from contested case procedures under the APA, MCL 24.315; MSA 3.560(215).

2. The Legislature's removal of prison disciplinary hearings from contested case procedures under the APA was intended to and had the effect of removing prison disciplinary hearings

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 67-69; 109; Records and Recording Laws §§ 46.15; 46.16; 46.19.

See the Index to Annotations under Freedon of Information Acts; Personnel Department or Records; Prisons and Prisoners.

from the definition of contested cases for the purposes of the
FOIA. The creation of legislation governing the procedure for
hearings in the Department of Corrections, MCL 791.251; MSA
28.2320(51) through MCL 791.255; MSA 28.2320(55), which
provided a procedure to obtain information regarding prison
misconduct hearings, evidences the legislative intent that such
hearings are not contested cases for the purposes of the FOIA.
The Legislature intended to provide a resolution process and
publication procedure alternative to that offered by the APA
and the FOIA for prison hearings. The creation of the specific
statute should control over the general provisions of the FOIA.
The creation of the hearing procedures, including the dissemi-
nation of information, is indicative of the legislative intent to
preclude the application of the FOIA to prison misconduct
hearings.

Affirmed.

SHEPHERD, P.J., dissenting, stated that the Legislature did
not intend to exclude prison disciplinary proceedings from all
APA provisions when it specifically exempted prison disciplinary
cases from contested case procedures under the APA. While the
Legislature enacted specific provisions for the handling of
disciplinary cases, it did not exclude these types of proceedings
from the definition of a contested case. Therefore, prison disci-
plinary cases are contested cases for purposes of the FOIA.
Further, MCL 791.252(k); MSA 28.2320(52)(k) has no bearing on
the question whether the decision and supporting records in a
prison disciplinary case may be subject to the FOIA and public
disclosure. The case should be remanded for a determination
whether the FOIA provides an exemption from disclosure under
MCL 15.243(1)(a),(c); MSA 4.1801(13)(1)(a),(c).

ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — PRISON
DISCIPLINARY HEARINGS.

The publication requirements of the Freedom of Information Act
do not apply to prison disciplinary hearings and decisions (MCL
15.240, 15.241, 15.243; MSA 4.1801[10], 4.1801[11], 4.1801[13]).

*Raymond C. Walen, Jr.,* and David E. Desorcy,
in propria persona, for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *Janet A. VanCleve,*
Assistant Attorney General, for the defendant.

Before: SHEPHERD, P.J., and GRIBBS and JANSEN,
JJ.

JANSEN, J. Plaintiffs, inmates at the State Prison of Southern Michigan in Jackson, requested under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, that the director of library services at the prison provide them the opportunity to inspect the final Department of Corrections decisions and orders, as well as supporting records, in various prison disciplinary cases. After the director denied plaintiffs' requests, the present action was filed, on January 17, 1986. On March 23, 1987, the trial court granted defendant's motion for summary disposition on the grounds that the FOIA publication requirements do not apply to prison disciplinary hearings and decisions and that, even if they were to, MCL 791.252(k); MSA 28.2320(52)(k) requires that such decisions be given only to the affected prisoner. Plaintiffs appeal as of right from the trial court's decision. We affirm.

Section 11 of the FOIA, MCL 15.241; MSA 4.1801(11), provides in pertinent part:

> (1) A state agency shall publish and make available to the public all of the following:
> (a) Final orders or decisions in contested cases and the records on which they were made.
>
> \*   \*   \*
>
> (6) As used in this section, "state agency", "contested case", and "rules" shall have the same meaning as ascribed to those terms in Act No. 306 of the Public Acts of 1969, as amended, being sections 24.201 to 24.315 of the Michigan Compiled Laws.

The provision of the Administrative Procedures Act to which the FOIA refers, MCL 24.203(3); MSA 3.560(103)(3), defines a "contested case" in relevant part as "a proceeding . . . in which a determination of the legal rights, duties, or privileges of a

named party is required by law to be made by an
agency after an opportunity for an evidentiary
hearing." Therefore, a prison disciplinary case
falls within the definition of a "contested case."
However, such proceedings are specifically ex-
empted from contested case procedures under the
APA. MCL 24.315; MSA 3.560(215). Historically, the
disclosure requirements of the FOIA, specifically
MCL 15.240; MSA 4.1801(10), MCL 15.241; MSA
4.1801(11), and MCL 15.243; MSA 4.1801(13), were
originally contained in §§ 21-23 of the APA, MCL
24.221; MSA 3.560(121) through MCL 24.223; MSA
3.560(123). In 1979, after §§ 21-23 of the APA were
repealed and replaced by the present FOIA statute,
the Legislature added MCL 24.315; MSA 3.560(215)
(§ 115) which specifically exempted hearings con-
ducted by the Department of Corrections from
chapter 4 of the APA, which sets forth due process
procedural guarantees. The enactment of § 115
was tied to the enactment of correlative legislation
governing the procedure for hearings in the De-
partment of Corrections provided in MCL 791.251;
MSA 28.2320(51) through MCL 791.255; MSA
28.2320(55).

The question presented is whether the Legisla-
ture's removal of prison disciplinary hearings from
chapter 4 of the APA was intended to and did in
fact remove prison disciplinary hearings from the
definition of "contested cases" for the purposes of
the FOIA. We hold that it did. While the Legisla-
ture did not exclude disciplinary cases from the
definition of "contested cases," we hold that for
the purposes of the FOIA that was the Legislature's
intent. MCL 791.255; MSA 28.2320(55), the legisla-
tion added in 1979 involving the Department of
Corrections hearings, specifically provided that
chapter 6 of the APA, MCL 24.301; MSA 3.560(201)
through MCL 24.306; MSA 3.560(206), governing

judicial review, applied to prison disciplinary hearings. Therefore, at the time § 115 was enacted, sections of the APA did apply to prison disciplinary hearings. We hold that the reason the Legislature did not simply define "contested cases" as not including prison disciplinary hearings was the fact that for the purposes of judicial review, the APA still applied. However, this is not true for disclosure requirements. MCL 791.252(k); MSA 28.2320(52)(k), legislation specifically involving the Department of Corrections hearings, provides that "[a] copy of the decision or order [of a hearing officer] shall be delivered or mailed immediately to the prisoner. The final disposition shall be posted for the information of the reporting officer." Further, a hearing handbook, containing specific procedural provisions supplementing MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, provides for inmate access to documents. *Tocco v Marquette Prison Warden,* 123 Mich App 395, 400; 333 NW2d 295 (1983). In *Tocco,* the plaintiff inmate used MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.* to obtain access to relevant documents that he had requested, specifically reports and statements of the prison officials mentioned in a misconduct report concerning the plaintiff. *Id.* at 399.

We hold that the creation of the procedure to obtain information regarding prison misconduct hearings evidences the legislative intent that prison misconduct hearings are not "contested cases" for the purposes of the FOIA. The Legislature intended to provide an alternative resolution process and publication procedure to that offered by the APA and the FOIA for prison hearings. The creation of this specific statute should control over the general provisions of the FOIA. *In re Johnson Estate,* 152 Mich App 200, 205; 394 NW2d 136 (1986). The creation of the hearing procedures,

including the dissemination of information, is indicative of the legislative intent to preclude the application of the FOIA to prison misconduct hearings. Therefore, the FOIA publication requirements do not apply to prison disciplinary hearings and decisions.

Affirmed.

GRIBBS, J., concurred.

SHEPHERD, P.J. *(dissenting).* Section 11 of the FOIA, MCL 15.241; MSA 4.1801(11), provides in pertinent part:

> (1) A state agency shall publish and make available to the public all of the following:
> (a) Final orders or decisions in contested cases and the records on which they were made.
>
> * * *
>
> (6) As used in this section, "state agency", "contested case", and "rules" shall have the same meanings as ascribed to those terms in Act No. 306 of the Public Acts of 1969, as amended, being sections 24.201 to 24.315 of the Michigan Compiled Laws.

The provision of the Administrative Procedures Act to which the FOIA refers, MCL 24.203(3); MSA 3.560(103)(3), defines a "contested case" in relevant part as "a proceeding . . . in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." There is no question that a prison disciplinary case falls within the definition of a "contested case." However, such proceedings are specifically exempted from contested case procedures under the APA. See MCL 24.315; MSA 3.560(215). The trial court inferred from this procedural ex-

emption a legislative intent to exclude prison disciplinary proceedings from all APA provisions, but I discern no such intent. While the Legislature enacted specific provisions for the handling of disciplinary cases, it did not exclude these types of proceedings from the definition of a "contested case." Thus, prison disciplinary cases are "contested cases" for purposes of the FOIA, and the trial court erred in concluding otherwise.

I further find that MCL 791.252(k); MSA 28.2320 (52)(k), cited by the trial court as an alternative basis for precluding application of the FOIA, is not controlling here. Section 52 sets forth the procedures for prison disciplinary hearings. Subsection k merely requires immediate delivery of a decision or order to the prisoner involved in the case, as well as posting to the reporting officer, to ensure protection of the affected prisoner's due process rights. Subsection k has no bearing on the question whether the decision and supporting records in such a case may or may not be subject to the FOIA and public disclosure. Subsection k simply does not address the issue and cannot be construed as limiting publication to only the affected prisoner and reporting officer.

Having found that the FOIA does apply to prison disciplinary decisions and the records on which they are based, the question then becomes whether those documents are nonetheless specifically exempted from disclosure as public records by the FOIA itself. Because the FOIA is a disclosure statute, *Kestenbaum v Michigan State University,* 414 Mich 510, 521; 327 NW2d 783 (1982), the public agency denying a request for disclosure bears a heavy burden of showing that the requested information falls within one of the act's exemptions. MCL 15.240(1); MSA 4.1801(10)(1); *Kincaid v Dep't of Corrections,* 180 Mich App 176, 182; 446 NW2d

604 (1989). These exemptions are to be narrowly construed. *Hagen v Dep't of Ed*, 431 Mich 118, 124; 427 NW2d 879 (1988).

Defendant cites two exemptions it claims preclude disclosure of the documents at issue. They are set forth in MCL 15.243(1)(a), (c); MSA 4.1801(13)(1)(a), (c):

> (1) A public body may exempt from disclosure as a public record under this act:
> (a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.
>
> * * *
>
> (c) A public record which if disclosed would prejudice a public body's ability to maintain the physical security of custodial or penal institutions occupied by persons arrested or convicted of a crime or admitted because of a mental disability, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

The last subsection would be redundant if the FOIA did not apply to a prison case. Why would the Legislature need to write in such flexibility in cases involving prisons and mental institutions if there were a legislative intent to totally exempt these institutions from the reach of the statute?

Because the trial court found the FOIA inapplicable, it did not reach the question whether disclosure is nonetheless exempted under these provisions. Remand is therefore necessary for a determination of the issue. I note, however, that striking out the parties' and witnesses' names would seem to eliminate any concerns over an invasion of the individuals' privacy. See *Booth Newspapers, Inc v Kalamazoo School Dist*, 181 Mich App 752, 756; 450 NW2d 286 (1989). With the elimination of

sensitive information such as the identities of those involved in the cases, the question arises whether any of defendant's remaining safety and security concerns would ever materialize. This, however, would be a question for the trial court to resolve on remand.

I would reverse and remand for further proceedings consistent with this dissenting opinion and would reserve jurisdiction.