*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN EMSLEY,

        Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF LYON,

        Defendant-Appellee.

UNPUBLISHED
March 21, 2024

No. 364361
Oakland Circuit Court
LC No. 2021-187754-CZ

Before: O'BRIEN, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

In this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., plaintiff appeals as of right the trial court's order denying plaintiff's motion for summary disposition under MCR 2.116(C)(10), granting summary disposition in favor of defendant Charter Township of Lyon (the township) pursuant to MCR 2.116(I)(2), and dismissing plaintiff's action. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This action arises out of plaintiff's April 9, 2021 FOIA request. On April 9, 2021, plaintiff sent a FOIA request to the township by e-mail. As relevant to this appeal, plaintiff requested the following:

2. All invoices submitted for payment for legal services by Jennifer Grieco and/or the Altior Law firm from March 2019 to the present (these may have stopped by December of 2019).

a. Cancelled checks for all payments.

b. The minutes showing the Township Board approved these payments.

c. If there are no minutes, then all documentation showing the authority for such payments and how payment was made.

-1-

4. Regarding 1) the Regular Meeting Minutes of March 2, 2020 and 2) the Regular Meeting Agenda of March 2, 2020, under #4 "Approval of Consent Agenda," item 4:

a. Copies of all documents, if any, regarding "ratification of Mathew McNaughton, Gary August, and Jennifer Grieco as special counsel for prior matters" that were in the packet at the time this motion was passed.

Michele Cash, the township's clerk and FOIA coordinator, responded in a letter dated the same day and indicated that the township would respond to plaintiff's request by April 30, 2021, pursuant to the 10-day extension in MCL 15.235(2)(d). In a subsequent letter dated April 30, 2021, Cash responded to plaintiff's FOIA request in relevant part as follows:

As to requests **#2** and **#3**, the Township is providing redacted copies of its invoices from the "Jennifer Grieco and/or the Altior Law firm" and "Gary Zausmer or his law firm (Zausmer)." The Township also relies upon the attorney-client privilege and work product exemptions for the invoices' redacted portions. The existing cancelled checks and payment records are also attached. Due to the potential risks that could arise from its disclosure, the Township redacted its checking account number pursuant to the statute's privacy and security exemptions set forth in MCL 15.243(1)(a)(y) and (z). The Township also redacted the law firms' respective bank or tax information.

As to the request for portions of the minutes authorizing the payments for either the law firms referenced in request #2, #3 and **#4**, no additional documents exist.[2] Additionally, the Township selected the law firms pursuant to the Supervisor's authority. . . . .

---

[2] The Township previously provided copies of its agreement for legal services with Jennifer Grieco from Altior Law PC and Zausmer PC in its response to your February 19, 2021 FOIA request.

Plaintiff initiated this action under FOIA on May 3, 2021. As relevant to this appeal, plaintiff alleged in his first amended complaint that Cash "did not answer request #4 or falsely answered it," which amounted to a denial of that request. While plaintiff's complaint is not a model of clarity, what we glean from his complaint is that he apparently found the township's response to be lacking in terms of stating whether the retainer agreements in footnote 2 were in the packet for the March 2, 2020 board meeting. Hence, plaintiff averred, the township violated MCL 15.235(5)(b) by failing to certify that there were no ratification documents in the board packet for that meeting.

In her deposition, Cash explained that the "packets" for the township's board meetings contain materials for the board members relating to items on the agenda for a particular meeting. Examples of items that may be in a packet include site plans, meeting minutes, the consent agenda, departmental reports, and invoices. The consent agenda for a meeting typically includes items

such as the approval of reports, minutes, and disbursements. Items on the consent agenda are considered routine matters and are enacted by a single motion.

Plaintiff eventually moved for summary disposition under MCR 2.116(C)(10), claiming that the township violated FOIA by improperly responding to items #2 and #4 of plaintiff's FOIA request. The trial court denied plaintiff's motion and instead granted summary disposition in favor of the township under MCR 2.116(I)(2). The trial court denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo the trial court's ruling on a motion for summary disposition." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 389; 872 NW2d 223 (2015). Summary disposition is properly granted under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When deciding a motion under MCR 2.116(C)(10), the trial court must "consider all the documentary evidence in the light most favorable to the nonmoving party." *Arabo*, 310 Mich App at 382 (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citation omitted). If it instead "appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

When reviewing a trial court's decision under FOIA, this Court reviews de novo the trial court's legal determinations, including whether the trial court correctly interpreted and applied the relevant statutory language. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 471-472; 719 NW2d 19 (2006); *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019). This Court reviews a trial court's discretionary decisions under FOIA for an abuse of discretion, which occurs when the trial court's decision "falls outside the range of principled outcomes." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015).

## III. ANALYSIS

It is well understood that the intended purpose of FOIA is "to provide members of the public access to public records unless the Legislature enacted a statutory exemption to disclosure." *Woodman v Dep't of Corrections*, 511 Mich 427, 441; 999 NW2d 463 (2023). In general, a person who provides "a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, . . . has a right to inspect, copy, or receive copies of the requested public record of the public body," subject to the exemptions "expressly provided" in MCL 15.243. MCL 15.233(1). "Public bodies are *required*

to disclose public records upon request unless those records are specifically exempt from disclosure under MCL 15.243." *Woodman*, 511 Mich at 441-442 (emphasis added).[1]

In his brief on appeal, plaintiff focuses primarily on arguing that the township committed a myriad of alleged improprieties of municipal governance, despite the fact that the first amended complaint in this action clearly indicates that it is solely based on an alleged violation of FOIA. A FOIA action may not be used as a mechanism for litigating other alleged causes of action that were not pleaded. See *Local Area Watch v City of Grand Rapids*, 262 Mich App 136, 143; 683 NW2d 745 (2004) ("We hold that where relief is sought only under the FOIA, judicial review is not available to determine whether a public body had the authority under the OMA [Open Meetings Act, MCL 15.261 *et seq*.] to go into closed session and thereby exempt minutes of that meeting from disclosure under the FOIA."). Hence, all of plaintiff's other grievances against the township are entirely irrelevant to the instant matter and do not warrant any discussion.

We focus then on the only alleged FOIA violation that can be gleaned from plaintiff's appellate arguments, namely, his contention that he was entitled to a written denial disclosing and certifying that certain records he requested in #2 and #4 of his April 9, 2021 FOIA request did not exist and that the township failed to provide such a response, thereby violating MCL 15.235. That statute provides in relevant part:

> (1) . . . a person desiring to inspect or receive a copy of a public record shall make a written request for the public record to the FOIA coordinator of a public body. . . .

> (2) Unless otherwise agreed to in writing by the person making the request, a public body shall, subject to subsection (10), respond to a request for a public record within 5 business days after the public body receives the request by doing 1 of the following:

> (a) Granting the request.

> (b) Issuing a written notice to the requesting person denying the request.

> (c) Granting the request in part and issuing a written notice to the requesting person denying the request in part.

> (d) Issuing a notice extending for not more than 10 business days the period during which the public body shall respond to the request. A public body shall not issue more than 1 notice of extension for a particular request.

*     *     *

---

[1] The exemptions in MCL 15.243 are not at issue in the present appeal.

(5) A written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request. The written notice must contain:

(a) An explanation of the basis under this act or other statute for the determination that the public record, or portion of that public record, is exempt from disclosure, if that is the reason for denying all or a portion of the request.

(b) A certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request.

(c) A description of a public record or information on a public record that is separated or deleted under [MCL 15.244], if a separation or deletion is made.

(d) A full explanation of the requesting person's right to do either of the following:

(*i*) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the disclosure denial.

(*ii*) Seek judicial review of the denial under section 10.

(e) Notice of the right to receive attorneys' fees and damages as provided in section 10 if, after judicial review, the court determines that the public body has not complied with this section and orders disclosure of all or a portion of a public record. [MCL 15.235.]

Plaintiff specifically argues that the township violated MCL 15.235(2)(b), by failing to "[i]ssu[e] a written notice to the requesting person denying the request," and MCL 15.235(5)(b), by failing to provide a "certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body." At issue are the following requests for records submitted by plaintiff:

2. All invoices submitted for payment for legal services by Jennifer Grieco and/or the Altior Law firm from March 2019 to the present (these may have stopped by December of 2019).

a. Cancelled checks for all payments.

b. The minutes showing the Township Board approved these payments.

c. If there are no minutes, then all documentation showing the authority for such payments and how payment was made.

\* \* \*

-5-

4. Regarding 1) the Regular Meeting Minutes of March 2, 2020 and 2) the Regular Meeting Agenda of March 2, 2020, under #4 "Approval of Consent Agenda," item 4:

a. Copies of all documents, if any, regarding "ratification of Mathew McNaughton, Gary August, and Jennifer Grieco as special counsel for prior matters" that were in the packet at the time this motion was passed.

The township responded in relevant part as follows:

As to requests **#2** and **#3**, the Township is providing redacted copies of its invoices from the "Jennifer Grieco and/or the Altior Law firm" and "Gary Zausmer or his law firm (Zausmer)." The Township also relies upon the attorney-client privilege and work product exemptions for the invoices' redacted portions. The existing cancelled checks and payment records are also attached. Due to the potential risks that could arise from its disclosure, the Township redacted its checking account number pursuant to the statute's privacy and security exemptions set forth in MCL 15.243(1)(a)(y) and (z). The Township also redacted the law firms' respective bank or tax information.

As to the request for portions of the minutes authorizing the payments for either the law firms referenced in request #2, #3 and **#4**, no additional documents exist.[2] Additionally, the Township selected the law firms pursuant to the Supervisor's authority. Finally, the "Forms 1099" referenced in requests #5 and #6, are attached. The Township once again relies upon FOIA's privacy exemption set forth in MCL 15.243(1)(a) for its redaction of any confidential tax information pertaining to the law firms.

[2] The Township previously provided copies of its agreement for legal services with Jennifer Grieco from Altior Law PC and Zausmer PC in its response to your February 19, 2021 FOIA request.

On appeal, plaintiff contends that with respect to request #2, he was entitled to a written denial and certification that there were no records in existence regarding authorization for payments to Grieco or the Altior Law firm. Plaintiff further contends that with respect to request #4, he was entitled to a written denial and a certification that there were no such ratification documents in existence that were in the packet for the March 2, 2020 meeting.

Relevant to plaintiff's appellate arguments, the township responded to these particular requests by providing evidence of the payments to Grieco and the Altior Law firm. The township's written response further stated that "no additional documents exist" with respect to items #2 and #4. The township's additional note in footnote 2, indicated that it had previously provided its retainer agreement with Grieco to plaintiff in response to plaintiff's previous FOIA request.

"By its express terms, the FOIA is a prodisclosure statute; a public body must disclose all public records not specifically exempt under the act." *Thomas v City of New Baltimore*, 254 Mich App 196, 201; 657 NW2d 530 (2002). "Except as expressly provided in [MCL 15.243], upon

providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.233(1). However, a public body responding to a FOIA request is generally not required to "make a compilation, summary, or report of information," MCL 15.233(4), or to "create a new public record," MCL 15.233(5), subject to certain exceptions not at issue in this case. "FOIA does not require that information be recorded; it only gives a right of access to records in existence." *Walloon Lake Water Sys, Inc v Melrose Twp*, 163 Mich App 726, 731; 415 NW2d 292 (1987).

FOIA only applies to "public records." *Id*. at 729, citing MCL 15.233(1); see also *Rataj v City of Romulus*, 306 Mich App 735, 749; 858 NW2d 116 (2014) (stating that the "threshold inquiry" is whether the material sought "constitutes a 'public record' within the meaning of FOIA"). For purposes of FOIA, a "public record" is "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(i). "Writing" means "handwriting, typewriting, printing, photostating, photographing, photocopying, and every other means of recording, and includes letters, words, pictures, sounds, or symbols, or combinations thereof, and papers, maps, magnetic or paper tapes, photographic films or prints, microfilm, microfiche, magnetic or punched cards, discs, drums, hard drives, solid state storage components, or other means of recording or retaining meaningful content." MCL 15.232(*l*).

The duty imposed on public bodies under FOIA is to disclose public records that have been requested and described sufficiently to be located. MCL 15.233(1). "If a request is 'sufficient' to allow the public body to find a nonexempt record, the record must be disclosed." *Coblentz v City of Novi*, 475 Mich 558, 573; 719 NW2d 73 (2006); see also *Walloon Lake Water Sys*, 163 Mich App at 731 ("Under the FOIA, a person has a right to receive, upon proper request, copies of a public record not subject to exemption from disclosure. . . . A public body receiving such a request has a simultaneous duty to provide access to the records sought or to release copies of those records."). This is true even if the public record is located somewhere other than where the plaintiff indicates in a FOIA request. *Coblentz*, 475 Mich at 572-573. Accordingly, if the public record has been sufficiently described to permit identification, the FOIA request must be fulfilled unless a specific exemption applies. *Amberg v City of Dearborn*, 497 Mich 28, 30; 859 NW2d 674 (2014).

Here, in response to items #2 and #4 of plaintiff's April 9 FOIA request, the township provided plaintiff with all of the documents that were responsive to the description provided by plaintiff in his request.[2] These documents included invoices, cancelled checks, payment records,

---

[2] To the extent documents regarding the budget and budget amendment may also have been responsive to item #2 but were not included for unknown reasons, as was explained by Cash in her deposition, plaintiff nonetheless expressly contends on appeal that the budget documents were not valid authority for those payments and were not responsive to his FOIA request. Therefore, plaintiff has waived any claim based on a failure to provide those documents in response to his April 9 FOIA request. "Waiver" is the "voluntary and intentional relinquishment of a known

-7-

and a note that attorney retainer agreements had previously been provided. The township's response additionally indicated that "no additional documents exist." On its face, the township's response clearly evidences compliance with its duty under FOIA to disclose all non-exempt public records meeting the description provided in plaintiff's FOIA request and to disclose that there are no additional records in existence meeting plaintiff's description. MCL 15.233(1); MCL 15.235(2) and (5); *Coblentz*, 475 Mich at 573.

With respect to item #4, plaintiff believes he is entitled to a denial specifically stating that there were no documents responsive to his request located in the packet for the March 2, 2020 board meeting. However, as previously explained, the focus of FOIA is on the disclosure of *public records wherever located*. Under MCL 15.235(5)(b), the public body must certify that "the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request." Contrary to what we glean to be plaintiff's assertions, there is no requirement that the public body certify that the record does not exist in a particular location.

Moreover, a public body violates FOIA by withholding a public record merely on the basis that it does not exist in the location described by the FOIA requester. See *Coblentz*, 475 Mich at 572-573 (stating that "[b]ecause plaintiffs' description was sufficient to enable defendant to identify the documents," the defendant city was "required" under MCL 15.233(1) to produce the documents even though they were not located where plaintiff believed them to be); see also *Kincaid v Dep't of Corrections*, 180 Mich App 176, 178-182; 446 NW2d 604 (1989) (affirming the trial court's ruling that the public body violated FOIA by denying the plaintiff's FOIA request solely on the basis that the requested record was not located in the file identified by the plaintiff as the location where he believed the record to be stored). Hence, plaintiff has not demonstrated that he is entitled to the relief he seeks with respect to item #4 of his FOIA request. *Herald Co*, 475 Mich at 471-472.

Regarding item #2, plaintiff argues that the township was required to respond to his FOIA request by admitting that it was without lawful authority to pay Grieco's legal fees. Plaintiff's contention does not constitute a request for a public record. MCL 15.232(i). Plaintiff's FOIA request entitled him to non-exempt public records that existed and a disclosure if no further responsive documents existed, MCL 15.233(1); MCL 15.235(5) which is what he received. The legal significance of the documents provided, or lack of responsive records, is irrelevant to this FOIA action, and plaintiff is not entitled to attempt to litigate those claims in this context. *Local Area Watch*, 262 Mich App at 143. Plaintiff has not demonstrated that he is entitled to the relief he seeks regarding item #2. *Herald Co*, 475 Mich at 471-472.

Furthermore, plaintiff's reliance on *Hartzell v Mayville Community Sch Dist*, 183 Mich App 782; 455 NW2d 411 (1990) is unavailing. In that case, the plaintiff was an employee of the defendant school district and had been reprimanded by the superintendent for driving on the school lawn. *Id*. at 784. The superintendent had allegedly "indicated that an established rule prohibited this practice," so the plaintiff submitted a written FOIA request to obtain this written rule. *Id*. The

---

right." *Reed Estate v Reed*, 293 Mich App 168, 175; 810 NW2d 284 (2011) (quotation marks and citation omitted).

defendant school district failed to respond to this request, and the plaintiff filed suit under FOIA. *Id*. During the course of the litigation, the defendant admitted that "the requested document did not exist and had not existed at the time of the request." *Id*.

This Court held that the defendant school district violated FOIA by failing to respond to the plaintiff's FOIA request as required by MCL 15.235. *Id*. at 786. The Court explained that under MCL 15.235, "the disclosure required is not limited to the production of an existing document but . . . also includes the disclosure that the requested document does not exist." *Id*. at 787. Additionally, the Court stated, "It is inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit in order to ascertain that the document does not exist. Although, as in this case, the court cannot grant relief in the form of ordering the production of a nonexistent document, the court can properly determine that the public body is in violation of the FOIA by failing to disclose that the requested document does not exist . . . ." *Id*.

Here, the record clearly reveals that defendant did not remain silent or fail to respond to plaintiff's FOIA request; defendant responded, provided the public records responsive to plaintiff's request, and indicated that there were no other documents. The circumstances of this case are thus distinguishable from those in *Hartzell*. Moreover, consistent with the statutory language in MCL 15.235, the *Hartzell* Court merely held that a public body is obligated to disclose that the requested *record* does not exist. However this Court did not hold that a public body is obligated to affirmatively state that a particular record does not exist in a particular location. *Hartzell*, 183 Mich App at 787. Accordingly, *Hartzell* does not support plaintiff's argument for appellate relief.

Finally, plaintiff argues that the trial court erred by denying his motion to amend his complaint to include an alleged FOIA violation based on the township's response to his earlier February 19, 2021 FOIA request. Plaintiff contends that the township violated FOIA in responding to that request by providing the Grieco retainer agreement because the agreement was not validly ratified at the March 2, 2020 board meeting.

"The grant or denial of a motion for leave to amend pleadings is reviewed for an abuse of discretion." *Titan Ins v North Pointe Ins*, 270 Mich App 339, 346; 715 NW2d 324 (2006). Leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2). "A motion to amend ordinarily should be granted, absent particularized reasons, including futility." *Titan Ins*, 270 Mich App at 346 (quotation marks and citation omitted).

Here, the entire premise of plaintiff's alleged FOIA violation is that the disclosed document is invalid due to the alleged failure to take certain other actions required by law. As previously discussed, plaintiff cannot establish a FOIA violation by claiming that the defendant committed violations of law outside FOIA that have not been pled in the current action. *Local Area Watch*, 262 Mich App at 143. Plaintiff's proposed amendment would have been futile, and the trial court did not abuse its discretion by denying leave to amend. *Titan Ins*, 270 Mich App at 346.

Affirmed. A public question involved, no costs are awarded. *City of Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Noah P. Hood