HARTZELL v MAYVILLE COMMUNITY SCHOOL DISTRICT

Docket No. 115383. Submitted March 20, 1990, at Lansing. Decided May 21, 1990.

William Hartzell, an employee of the Mayville Community School District, was reprimanded by the superintendent of the school district for driving on the school lawn next to the tennis courts. The superintendent allegedly indicated that an established rule prohibited parking and driving upon a playground area. Hartzell subsequently delivered a letter to the superintendent's office requesting a copy of the rule pursuant to the Freedom of Information Act. After receiving no response to his request, Hartzell filed suit against the Mayville Community School District in Tuscola Circuit Court requesting that defendant be compelled to produce the requested public record and that he be awarded costs and attorney fees pursuant to the FOIA. Defendant responded that the requested document never existed and that there was no duty to respond to a request for a nonexistent document. The court, Patrick R. Joslyn, J., granted summary disposition in favor of plaintiff, ruling that plaintiff should have been informed that the requested document did not exist, that prosecution of the action was necessary because plaintiff had not been told that the document did not exist, and that plaintiff was entitled to $500 in costs and attorney fees. Defendant appealed, claiming that no cause of action lies under the FOIA where a public body fails to respond to a request for a nonexistent public record.

The Court of Appeals *held:*

1. Defendant clearly violated the FOIA in failing to respond to plaintiff's request. The FOIA requires disclosure of the fact that a requested document does not exist. It is inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit in order to ascertain that the

REFERENCES

Am Jur 2d, Records and Recording Laws § 46.15.
See the Index to Annotations under Attorneys's Fees; Costs of Actions; Freedom of Information Acts; Schools and Education.

document does not exist. The court properly granted summary disposition in favor of plaintiff.

2. The trial court properly awarded plaintiff costs and attorney fees. Although this action did not have a causative effect on the delivery of or access to the requested document, it had a causative effect on the disclosure of the nonexistence of the requested document. Plaintiff therefore may be deemed to have prevailed in the action and to be entitled to costs and attorney fees.

3. Plaintiff also may be deemed to have prevailed in the appellate proceedings and is entitled to an award of reasonable costs and attorney fees incurred in the appellate process.

Affirmed, and remanded for a determination of the amount of appellate costs and attorney fees.

1. RECORDS — FREEDOM OF INFORMATION ACT — NONEXISTENT DOCUMENTS.

The Freedom of Information Act requires disclosure of public records not subject to exemption from disclosure; it also requires disclosure of the fact that a requested record which otherwise would be subject to disclosure does not exist (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

2. RECORDS — FREEDOM OF INFORMATION ACT — ATTORNEY FEES.

A plaintiff in an action brought pursuant to the Freedom of Information Act may be deemed to have prevailed in the action for purposes of being entitled to an award of costs and attorney fees where, although the action did not have a causative effect on the delivery of or access to the requested document, it did have a causative effect on the disclosure of the fact that the requested document did not exist (MCL 15.240[4]; MSA 4.1801[10][4]).

*George A. Holmes,* for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato* and *Lisa L. Swem*), for defendant.

Before: GILLIS, P.J., and McDONALD and J. W. FITZGERALD,* JJ.

J. W. FITZGERALD, J. Defendant appeals as of

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

right from the February 6, 1989, circuit court order granting summary disposition and awarding costs and attorney fees to plaintiff in this action brought under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We affirm.

Plaintiff, an employee of defendant, was reprimanded by Superintendent Lawrence Geiger for driving on the school lawn next to the tennis courts.[1] Plaintiff alleges that Mr. Geiger indicated that an established rule prohibited this practice. Consequently, on October 5, 1988, plaintiff delivered a letter to Mr. Geiger's office which requested "the written rule which prohibits the parking and driving upon the playground area adjacent to the tennis courts," pursuant to the FOIA. It is not disputed that defendant failed to respond to this request.

On November 2, 1988, plaintiff filed the instant action under the FOIA requesting that defendant be compelled to produce the requested public record and that plaintiff be awarded costs and attorney fees. In its November 14, 1988, answer, defendant stated that the requested document did not exist and had not existed at the time of the request. The answer further stated that Geiger assumed that there was no duty to respond to plaintiff's FOIA request for a nonexistent document.

On December 9, 1988, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (10). Subsequently, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), claiming that because the requested public record did not exist, plaintiff was not entitled to its disclosure. All motions were heard on January 6,

[1] Plaintiff alleges, but defendant denies, that the movement and parking of vehicles on this portion of the school lawn has been permitted for years.

1989. The court issued a written opinion on January 23, 1989, and on February 6, 1989, an order was entered granting plaintiff's motion based on MCR 2.116(C)(10), and denying all other motions. However, the court indicated that plaintiff could not totally prevail, and denied plaintiff's request for disclosure, because the court could not order the disclosure of a document which did not exist. The court determined that prosecution of the action was necessary because plaintiff had not been told that the document did not exist and awarded plaintiff $500 in costs and attorney fees.

Defendant claims that the trial court erred in granting plaintiff summary disposition, arguing that no cause of action lies under the FOIA where a public body fails to respond to a request for a nonexistent public record. Summary disposition of a claim may be granted where, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). Here, both parties concede that there is no genuine issue as to any material fact. Defendant's claim is that summary disposition was improperly granted in favor of plaintiff.

Under the FOIA, a person has the right to receive, upon proper request, copies of a public record not subject to exemption from disclosure. MCL 15.233(1); MSA 4.1801(3)(1). When a public body receives a request for a public record, it must, within five business days, respond to the request in one of the following ways:

(a) Grant the request.
(b) Issue a written notice to the requesting person denying the request.
(c) Grant the request in part and issue a written notice to the requesting person denying the request in part.

(d) Under unusual circumstances, issue a notice extending for not more than 10 business days the period during which the public body shall respond to the request. A public body shall not issue more than 1 notice of extension for a particular request. [MCL 15.235(2); MSA 4.1801(5)(2).]

Failure to respond to the request as provided above constitutes a final decision by the public body to deny the request. MCL 15.235(3); MSA 4.1801(5)(3). Further,

[a] written notice denying a request for a public record in whole or in part shall constitute a final determination by the public body to deny the request or portion thereof and shall contain:

\* \* \*

(b) A certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion thereof. [MCL 15.235(4); MSA 4.1801(5)(4)].

Clearly, defendant violated the FOIA in failing to respond to plaintiff's request as provided by the above statute.

Defendant argues that the fact that a requested record does not exist is a defense to plaintiff's action, citing *Pennington v Washtenaw Co Sheriff*, 125 Mich App 556, 564-565; 336 NW2d 828 (1983).[2]

---

[2] We note that the reference in *Pennington* to the nonexistence of a record being a defense is dicta because it was not the basis of the defendant's nondisclosure in that case. Further, the statute cited in support of that defense, MCL 15.233(3); MSA 4.1801(3)(3), is not relevant to the instant case. It provides:

This act does not require a public body to make a compilation, summary, or report of information, except as required in section 11.

This act does not require a public body to create a new public record, except as required in sections 5 and 11, and to the

We would concede that the nonexistence of a record is a defense for the failure to produce or allow access to the record. However, it is not a defense to the failure to respond to a request for a document with the information that it does not exist.

The FOIA is a "disclosure statute." See *Walloon Lake Water System, Inc v Melrose Twp,* 163 Mich App 726, 731; 415 NW2d 292 (1987). We deem that the disclosure required is not limited to the production of an existing document but, consistent with the requirements of MCL 15.235(2) and (4); MSA 4.1801(5)(2) and (4), also includes the disclosure that the requested document does not exist. It is inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit in order to ascertain that the document does not exist. Although, as in this case, the court cannot grant relief in the form of ordering the production of a nonexistent document, the court can properly determine that the public body is in violation of the FOIA by failing to disclose that the requested document does not exist and grant summary disposition, as a matter of law, in favor of the requesting party pursuant to MCR 2.116(C)(10). The trial court properly did so in this case.

Defendant also claims that the trial court erred in awarding costs and attorney fees to plaintiff in the amount of $500.

MCL 15.240(4); MSA 4.1801(10)(4) provides:

> If a person asserting the right to inspect or to

extent required by this act for the furnishing of copies, or edited copies pursuant to section 14(1), of an already existing public record.
Clearly, this statute does not reflect the situation in the current case.

receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

In order to "prevail" in an FOIA action, the plaintiff must demonstrate that "prosecution of the action was necessary to and had a causative effect on the delivery of or access to the document." *Walloon Lake, supra,* p 733. In *Walloon Lake,* the defendant's township supervisor possessed the document at the time it was requested, but refused to make it available and did not answer the written request for it. By the date of trial, he had disposed of the document by giving it to a third party, thereby making the question of disclosure of the document moot. After stating the above definition of "prevail," the *Walloon Lake* Court stated:

A strict application of this definition obviously supports the trial court's decision here to deny plaintiff's request for costs and fees. However, we believe that such a strict application is inappropriate in cases such as this.

In drafting MCL 15.240(4); MSA 4.1801(10)(4), the Legislature apparently intended to enforce the obvious salutary purposes of the FOIA to encourage voluntary compliance with requests under the FOIA and to encourage plaintiffs who are unable to afford the expense of litigation to nonetheless obtain judicial review of alleged wrongful denials of their requests. Cf. *Schinzel v Wilkerson,* 110 Mich App 600, 604; 313 NW2d 167 (1981), lv den 417 Mich 863 (1983). In light of these purposes, we believe that a plaintiff "prevails" in the action so as to be entitled to a mandatory award of costs

and fees where he is forced into litigation and is successful with respect to the central issue that the requested materials were subject to disclosure under the FOIA, even though the action has been rendered moot by acts of the public body in disposing of the documents. An otherwise successful claimant should not assume the expenses of the litigation solely because it has been rendered moot by the unilateral actions of the public body. The trial court's order denying costs and attorney fees is therefore vacated. [*Walloon Lake, supra,* pp 733-734.]

In the present case, Geiger's action in reprimanding plaintiff for the violation of the rule against parking on the lawn led plaintiff to believe that such a rule existed. Geiger could easily have responded to plaintiff's request for a copy of that rule by informing him that the rule did not exist. Because of Geiger's failure to respond, it was necessary for plaintiff to bring this action in order to learn that a written rule did not exist. Although, in the strict sense, the action did not have a "causative effect on the delivery of or access to the document," it had a causative effect on the disclosure of the nonexistence of the requested document. As noted earlier, we believe that the FOIA requires disclosure of the fact that a document does not exist, as well as the production of a requested nonexempt document. Further, if such a document had existed, it would have been subject to disclosure under the FOIA. Thus, we find that plaintiff has "prevailed" for purposes of MCL 15.240(4); MSA 4.1801(10)(4) and the trial court properly awarded plaintiff costs and attorney fees.

In addition, we have determined that plaintiff has further prevailed in these appellate proceedings. This appeal is a continuation of the process started below which had a causative effect on the

disclosure of the nonexistence of the requested document. Therefore, we remand this case to the trial court for a determination of the additional amount of reasonable costs and attorney fees to be awarded to plaintiff, which he incurred in the appellate process.

Affirmed and remanded for a determination of the amount of appellate costs and attorney fees. We do not retain jurisdiction.[3]

---

[3] We did not address defendant's issue regarding estoppel because defendant essentially prevailed on this argument below and plaintiff has not cross appealed on this issue.