The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022
Dear Senator Broadway:
I am writing in response to your request for an opinion on the following:
 Earlier this year I asked you for an opinion on the following question:
 Where a request for a document, or family of documents which are required by statute or regulation to exist, and such documents do not exist, does the record custodian have to respond to the request (stating such non-existence) or can the FOI request simply go unanswered on a rationale that since there are no such documents, there is no requirement in the FOLA [sic] to reveal such non-existence?
 I received a response from you stating that you had to decline to provide a response because of ongoing litigation. I have been informed that there is no longer pending litigation and I am again re-submitting the above question.
RESPONSE
In my opinion, although the Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 Supp. 2005), does not contain an express provision mandating such a response, the Act implicitly contemplates and requires some response from the custodian even where the requested records do not exist.
As an initial matter, I must note that I am making no conclusions regarding or opining on the assumption in your request that certain documents are "required to exist." Furthermore, it is my understanding that the pending litigation that required me to decline to offer an opinion on this issue in Op. Att'y Gen. 2005-028 is no longer on-going. According to the information provided to me, a voluntary non-suit has been issued and I may now address the question posed.
Your question is not squarely addressed in the text of the FOIA, court cases interpreting the FOIA, or previous Attorney General opinions. In my opinion, however, the FOIA contemplates a custodian responding to a requestor whenever a request is made.
The FOIA, with certain exceptions, states that "all public records shall be open to public inspection and copying." A.C.A. §25-19-105(a)(1)(A) (Supp. 2005). A citizen may make a request to inspect, copy, or receive copies of public records. A.C.A. §25-19-105(a)(2)(A). The rights of citizens to make FOIA requests are extensively detailed in A.C.A. § 25-19-105. Although the FOIA also contains numerous provisions regarding the duties of records custodians (including the duty to furnish copies, the applicable fees that may be charged and the segregation of exempt information), the applicable statute contains no generally applicable provision detailing the obligation of the custodian to respond, unlike the applicable laws of other States.[1] In three separate subdivisions of the FOIA, however, the law expressly requires a response in particular instances. For example, the FOIA specifies that the custodian must schedule a time within three working days for the requestor to inspect public records that are either in active use or in storage. A.C.A. § 25-19-105(e) (Supp. 2005). To schedule the time to inspect these records, a custodian must obviously give a response to the requestor. Furthermore, the FOIA specifically addresses the custodian's duty to respond when a FOIA request is made to inspect personnel or employee evaluation records, requiring the custodian to respond to the requestor within twenty four (24) hours of receiving the request. A.C.A. § 25-19-105(c)(3)(A). Finally, subsection (a)(3) of A.C.A. § 25-19-105 states that if the "person to whom the request is directed is not the custodian of the records, the person shall so notify the requester and identify the custodian, if known to or readily ascertainable by the person."
While there is no explicit provision of the FOIA that requires a custodian to respond to a request for nonexistent records, it is certainly implicit in the FOIA. When records are in active use or storage, the Act contains an affirmative requirement that the custodian certifies that fact in writing and set a time to provide the records. A fairly immediate response following a determination by the custodian of whether to redact or deny part of the request is contemplated when the records are not in active use or storage. Ops. Att'y Gen. 2000-059; 1998-223; 1996-354 and 1994-225. In addition, my predecessor has previously concluded, in addressing whether the provisions of a local ordinance were consistent with the FOIA, that "the custodian may not simply ignore or treat a telefaxed FOIA request as `[in]effective delivery' but is required to respond to the requestor and indicate whether the records are subject to inspection and copying." Op. Att'y Gen. 2001-052 at 3-4. In my opinion this same requirement applies to a response to a request for nonexistent documents. This is particularly true in light of the fact that the FOIA is intended to be interpreted liberally to promote the ideals of open government. Fox v. Perroni, 358 Ark. 251, ___ S.W.2d ___ (2004).
In this regard, commentators on the FOIA have described the timing and nature of a governmental agency's response to a record request as follows:
 Upon receiving a FOIA request, an agency must respond promptly, certainly no later than three working days. Essentially, an agency has five options: (1) grant the request in full and release the records; (2) grant the request in part and release some of the records, or disclose records with exempt portions deleted; (3) deny the request in its entirety; (4) state the records do not exist or that they are not in the agency's possession; or (5) do nothing.
Watkins Peltz, supra at 252-53 (emphasis added). Professors Watkins and Peltz note that although the FOIA is silent on the issue, a "do nothing" response would likely be considered a denial of the FOIA request which could then be challenged in circuit court. Id. at 253.
In my opinion, if faced with the question, the Arkansas Supreme Court would hold that an implicit duty exists for a custodian to respond to an FOIA request in some fashion, even where the records requested do not exist. Support for this conclusion can be found in Hartzell v. Mayville Community School District,183 Mich. App. 782, 455 N.W.2d 411 (1990), where the court held that a school superintendent's failure to respond to a request for a nonexistent public record gave rise to liability under that state's FOIA. In Hartzell, an express statutory provision required the custodian to certify that the records did not exist, if such nonexistence was the reason for the denial. The court's analysis of the issue is helpful nonetheless. The court stated "We would conclude that the nonexistence of a record is a defense for the failure to produce or allow access to the record. However, it is not a defense to the failure to respond to a request for a document with the information that it does not exist." Id. at 413. The court also stated that it was "inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit in order to ascertain that the document does not exist." Id. The court also stated that "[a]lthough in this case, the court cannot grant relief in the form of ordering the production of a nonexistent document, the court can properly determine that the public body is in violation of the FOIA by failing to disclose that the requested document does not exist. . . ." Id. The court upheld the trial court's award of costs and attorney fees on the basis that the plaintiff "prevailed in the action." Id. at 414-415.
In my opinion, similarly, even though the Arkansas statute does not expressly detail a custodian's obligation to respond when a document does not exist, the Arkansas Supreme Court would find an implicit obligation to respond in some fashion to such a request in light of the liberal interpretation favoring disclosure set forth in A.C.A. § 25-19-102 and Scott v. Smith, 292 Ark. 174,728 S.W.2d 515 (1987). The failure to respond, in my opinion, could potentially subject the custodian to an award of attorneys fees and expenses in a circuit court action. See A.C.A. §25-19-107.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] See e.g., Michigan Stat. Ann. § 4.1801(5) and Wisconsin Stat. § 19.35.