*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PHIL FORNER,

        Plaintiff-Appellant,

v

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS,

        Defendant-Appellee.

UNPUBLISHED
October 10, 2024
1:30 PM

No. 370160
Court of Claims
LC No. 23-000148-MZ

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

In this Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, action, plaintiff Phil Forner, *in propria persona*, appeals as of right the Court of Claims' order granting summary disposition to defendant, the Department of Licensing and Regulatory Affairs (LARA). For the reasons that follow, we affirm.

## I. BACKGROUND

On September 18, 2023, plaintiff submitted a FOIA request to defendant, stating:

Please provide a copy of the last application to administer and enforce 1972 PA 230 that was submitted by a government subdivision where the Construction Code Commission prescribe[d] the government subdivision's form for making an application for a building permit, mechanical permit, electrical permit or plumbing permit.[1]

---

[1] For undisputed facts, we cite to plaintiff's complaint and defendant's amended answer. As will be discussed more fully below, plaintiff quoted and cited documents and meeting minutes in his complaint, but failed to attach this evidence to his complaint or in response to defendant's

-1-

For context, the Bureau of Construction Codes (Bureau) operates within LARA "to assure that the built environment and the systems within are sound, safe and sanitary; building users' health, safety and welfare are protected; and that, through a coordinated program of code compliance, investigation and training, there is consistent application of standards." See www.michigan.gov/lara/bureau-list/bcc/bcc---full-description. And, as part of the Single State Construction Code Act (SSCCA), MCL 125.1501 *et seq.*, the Construction Code Commission (Commission) was created, MCL 125.1503a, "to improve the quality of housing for Michigan residents while assisting the housing industry," www.michigan.gov/lara/bureau-list/bcc/boards-commissions/construction-code-commission_including-appeal-review-panel. The Commission is within LARA, but functions independently from the director. MCL 125.1503a(4).

Two provisions of the SSCCA are particularly relevant to plaintiff's arguments. Under MCL 125.1508b, a governmental subdivision may assume responsibility for enforcement of the SSCCA within its political boundary by passage of an ordinance and submission of "an application to the commission for approval to administer and enforce" the act "on the proper form to be provided by the commission." MCL 125.1508b(1), (6). The form requires the attachment of public facing documents, including permits. Under MCL 125.1510(1), "before construction of a building or structure, the owner, or the owner's builder, architect, engineer, or agent, shall submit an application in writing to the appropriate enforcing agency for a building permit. The application shall be on a form prescribed by the commission and shall be accompanied by payment of the fee established by the enforcing agency."

Defendant initially denied plaintiff's FOIA request, stating, in part, "LARA certifies that, to the best of LARA's knowledge, information, and belief, the requested information does not exist within LARA under the description given or another reasonably known to LARA. MCL 15.235(5)(b)." Plaintiff appealed, but defendant upheld the denial. Specifically, defendant's Appeals Officer stated:

> After a review of the factors related to your appeal, I am upholding LARA's disclosure denial. The reason is that, at the time of LARA's response to your FOIA request, LARA did not possess any responsive records. Further, the following information has been provided by LARA's Bureau of Construction Codes in response to your appeal:
>
>> Since the [Commission] has not prescribed forms for the Bureau of Construction Codes, and the [Commission] has not prescribed forms for governmental subdivisions through the application to administer and enforce process, no records exist.

Plaintiff subsequently filed the instant action in the Court of Claims, requesting that the court find defendant in violation of FOIA because the records did, in fact, exist. He alleges that both defendant and the Commission rejected his prior requests for a declaratory ruling regarding the Commission's prescription of permit forms in accordance with MCL 125.1510(1). He further

_____

summary-disposition motion, only attaching those documents to his brief on appeal. Nevertheless, defendant either admitted or did not challenge these facts.

alleges that the Commission approved applications to administer and enforce the SSCCA, which must and did include public facing documents like permit forms, filed by governmental subdivisions including the City of Galesburg, the Township of Ridgeway, and the Township of AuSable, and did not reject those permit forms.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), reasserting that it did not violate FOIA because the records requested by plaintiff did not exist. It also asserted that after plaintiff filed his lawsuit, and in an effort to resolve the matter, it voluntarily provided documents not meeting plaintiff's request, but which arguably related to it:

> the last Application to Administer and Enforce that was submitted by a governmental subdivision [AuSable Township] and denied by the [Commission] (at a meeting occurring on July 19, 2023) and the last Application to Administer and Enforce that was submitted by a governmental subdivision [Ridgeway Township] and approved by the [Commission] (at a meeting occurring on January 25, 2023).

Defendant attached the affidavit of Keith Lambert, Deputy Director for the Bureau. Lambert attested:

> An Application to Administer and Enforce must be submitted by a governmental subdivision to the [Commission], if the governmental subdivision seeks to assume the responsibility for administering and enforcing the [SSCCA], 1972 PA 230.
>
> * * *
>
> When a governmental subdivision submits an Application to Administer and Enforce, the governmental subdivision, as part of the application process, is required to submit public facing documents, such as permit forms and other relevant documents.
>
> * * *
>
> Although the [Commission] has approved Applications to Administer and Enforce that have been submitted by governmental subdivisions, the [Commission] has not issued a decision specifically prescribing a governmental subdivision's form for making an application for a building permit, mechanical permit, electrical permit, or plumbing permit.

In response, plaintiff argued that the requested record does exist, focusing on the approval of the City of Galesburg's application to administer and enforce:

> The City of Galesburg . . ., pursuant to MCL 125.1508b(6), began administering and enforcing [the SSCCA] using its mechanical permit form submitted with the application and approved by the Commission; which at a minimum is clear and convincing evidence that there was at least one application that was submitted by a government subdivision where the Commission prescribe[d] the government subdivision's form for a mechanical permit.

-3-

Further, citing MCL 125.1510(1), plaintiff asserted, "If no approved permit form is required and the City of Galesburg is authorized to administer and enforce [the SSCCA], the Defendant is admitting that it knowingly aided the City of Galesburg to violate the law[.]"

Plaintiff requested that the court deny defendant summary disposition and grant him summary disposition under MCR 2.116(I)(2). As evidence of a genuine issue of material fact regarding the existence of responsive record(s), he attached his own affidavit, attesting that he submitted a FOIA request to the City of Galesburg requesting its application for mechanical permit approved by the Commission, and that Glenn Lindsey from SAFEbuilt, Galesburg's contractor, attached a document in response.

In reply to plaintiff's response, defendant argued that the Commission's approval of a governmental subdivision's application to administer and enforce the SSCCA does not mean the Commission prescribed the permit forms attached, and the City of Galesburg does not speak for the Commission. Accordingly, defendant maintained:

> Because Defendant has not received a governmental subdivision's application to administer and enforce where the [Commission] prescribed the governmental subdivision's form for making an application for a building permit, mechanical permit, electrical permit, or plumbing permit, the record requested by Plaintiff does not exist. Therefore, Defendant properly denied Plaintiff's FOIA request, and Defendant did not arbitrarily and capriciously violate the FOIA.

The court granted defendant's motion for summary disposition, citing Lambert's explanation that when the Commission approves applications it does not issue decisions specifically prescribing a governmental subdivision's form for making an application for permit, and stating, "Although plaintiff submitted his own affidavit as evidence with his response to defendant's motion, the affidavit does not rebut defendant's contention that the record does not exist, even in the light most favorable to plaintiff as the nonmoving party." Thus, the court found no genuine issue of material fact.

Plaintiff subsequently moved for reconsideration, arguing in response to Lambert's affidavit that his FOIA request did not ask for a Commission decision specifically prescribing a governmental subdivision's form, and that defendant avoided disclosure by narrowly viewing his request in this way. But the trial court denied the motion because plaintiff failed to demonstrate a palpable error or that a different disposition should have resulted. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred in granting summary disposition on the basis of defendant's assertion that the requested record does not exist. Defendant brought its motion for summary disposition under both MCR 2.116(C)(8) and (10), but the trial court granted the motion under MCR 2.116(C)(10).

> Appellate courts review de novo a trial court's decision on a motion for summary disposition. *Bernardoni v Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2006). "A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. Summary disposition under MCR

2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). [*Lockport Twp v City of Three Rivers*, 319 Mich App 516, 519; 902 NW2d 430 (2017).]

"In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

Additionally:

This Court reviews de novo whether the trial court properly interpreted and applied the FOIA. See *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015). We review for clear error the trial court's factual findings underlying its application of the FOIA. *King* [*v Mich State Police Dep't*], 303 Mich App [162,] 174 [; 841 NW2d 914 (2013)]. A finding is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made. *Id*. at 174-175. [*Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019).]

As mentioned above, plaintiff attached to his brief on appeal exhibits that are not in the lower court record, including Commission meeting minutes, his FOIA request, and defendant's response to that request. Defendant points out that this constitutes an improper expansion of the record in violation of MCR 7.210(A)(1). See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal."). Nevertheless, defendant does not challenge plaintiff's quotation or recollection of the content of these exhibits, and even assuming the accuracy of plaintiff's representations with no reference to the documents, we hold that plaintiff failed to demonstrate a genuine issue of material fact regarding the existence of records responsive to his FOIA request.

Under MCL 15.235, a person may make a written request for a public record. MCL 15.235(1). The public body must then respond to the request within five business days, and may do so by issuing a written notice denying the request. MCL 15.235(2)(b). That written notice, which serves as the public body's final determination, must contain an explanation as to why the public record is exempt from disclosure, if that is the reason for denial, or "[a] certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request." MCL 15.235(5)(a)-(b).

Here, defendant denied the request and certified that the requested record(s) did not exist. And when plaintiff appealed the decision, defendant issued a written notice upholding the denial. Nevertheless, plaintiff asserts that the trial court erred in granting defendant's summary disposition motion because he provided evidence in response demonstrating that the requested record(s) do exist, and the trial court improperly relied on defendant's interpretation of MCL 125.1508b(6).

Again, in support of its motion for summary disposition, defendant attached the affidavit of Lambert, who attested, in part:

> Although the [Commission] has approved Applications to Administer and Enforce that have been submitted by governmental subdivisions, the [Commission] has not issued a decision specifically prescribing a governmental subdivision's form for making an application for a building permit, mechanical permit, electrical permit, or plumbing permit.

In its ruling, the trial court relied on this statement.

Plaintiff first takes issue with the phrasing of Lambert's statement, asserting, "Defendant, in attempting to justify its denial, clearly reveals in its affidavit that instead of looking for a Commission 'approved application to administer and enforce' it was speciously looking for a Commission 'decision specifically prescribing a governmental subdivision's form.' " But the wording of Lambert's statement appears to be responsive to plaintiff's allegations that the Commission's approval of various governmental subdivisions' applications to administer and enforce the SSCCA demonstrate its prescription of the permit forms included as part of those applications. Indeed, plaintiff made the same argument in response to defendant's summary disposition motion, and again now on appeal. Further, Lambert's statement is consistent with the language of MCL 125.1510(1), which states in part:

> Except as otherwise provided in the code, before construction of a building or structure, the owner, or the owner's builder, architect, engineer, or agent, shall submit an application in writing to the appropriate enforcing agency for a building permit. *The application shall be on a form prescribed by the commission* and shall be accompanied by payment of the fee established by the enforcing agency. [Emphasis added.]

Plaintiff also asserts that his response to the motion contained evidence demonstrating defendant did have a responsive record, and the court made no attempt to explain how the evidence failed to rebut defendant's assertion otherwise. In doing so, he references the Commission's approval of the City of Galesburg's application to administer and enforce the SSCCA, and his affidavit which "averred that everything stated in the complaint was true, as was the City of Galesburg provided FOIA response from Glenn Lindsey stating the Commission had approved it's [sic] submitted mechanical permit form."

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her. [MCR 2.116(G)(4); see also *Maiden*, 461 Mich at 120-121.]

-6-

We hold that Lambert's affidavit satisfied defendant's obligation to support its summary-disposition motion in accordance with MCR 2.116(G)(4), and the evidence attached to and referenced in plaintiff's response, even when viewed in the light most favorable to plaintiff, failed to demonstrate a genuine issue of material fact regarding the existence of responsive records. As provided above, Lambert attested that defendant did not prescribe permit forms through approval of any governmental subdivision's application to administer and enforce the SSCCA. And plaintiff's affidavit was insufficient to rebut defendant's evidence. Attached to plaintiff's affidavit was Lindsey's e-mailed responses to plaintiff's requests. In that e-mail, Lindsey did not state that the Commission specifically approved a permit form attached to the City Galesburg's application to administer and enforce, as plaintiff implies. Instead, plaintiff posed to Lindsey, "MCL 125.1510(1) requires that the form on which an application for a permit be prescribed by the Construction Code Commission; please email me a copy of the City of Galesburg's application for mechanical permit that was prescribed by the Construction Code Commission," to which Lindsey responded, "See the attached copy as submitted and approved by the CCC." A copy of the mechanical permit application was then attached. While this constitutes evidence that the City of Galesburg submitted a mechanical permit form with its application to administer and enforce the SSCCA, and that application to administer and enforce was approved by the Commission, it does not create a genuine issue of fact regarding the Commission's alleged prescription of that permit application form. As defendant argues, Lindsey does not speak for the Commission, and plaintiff has given us no direct or indirect evidence that the Commission prescribed that permit application.

Indeed, the Commission has consistently maintained that it has not prescribed permit forms, which plaintiff seems to admit. In the notice upholding its denial of plaintiff's FOIA request, for example, defendant's appeals officer stated, "Since the [Commission] has not prescribed forms for the Bureau of Construction Codes, and the [Commission] has not prescribed forms for governmental subdivisions through the application to administer and enforce process, no records exist." With respect to plaintiff, he alleged in his complaint that "[i]n September of 2023, Bureau Director Kieth [sic] Lambert spoke with Dan Radecki, Holland Charter Township Building Official, and informed Mr. Radecki that the Commission has not prescribed any permit form used in the administration and enforcement of PA 230." And in his motion for reconsideration of the court's summary disposition ruling, plaintiff asserted that defendant "was knowingly not following MCL 125.1510(1) with the Bureau using permit forms that were not prescribed by the [Commission]," and in a corresponding footnote stated, "See the draft [Commission] meeting minutes for January 24, 2024, Item 8.C. (p. 5) where the [Commission] finally prescribed the Bureau's forms for making application for permits."

While "the FOIA must be broadly interpreted to allow public access to the records held by public bodies," *Mich Open Carry, Inc*, 330 Mich App at 625, "a public body is not required to compile, summarize, or create a report of information in response to a request, or to 'create a new public record,' " *Bitterman v Village of Oakley*, 309 Mich App 53, 67; 868 NW2d 642 (2015) (citations omitted). "In other words, if a requested record does not exist, then the public body is under no obligation to scrutinize its existing records in order to create a responsive document." *Id*. Rather, it is the public body's responsibility to appropriately respond to the request, *Key v Twp of Paw Paw*, 254 Mich App 508, 511; 657 NW2d 546 (2002), which defendant did. Accordingly, we find no error in the court's conclusion that no genuine issue of material fact exists regarding the existence of plaintiff's requested FOIA record(s), and decision to grant summary disposition.

In reality, it appears plaintiff is attempting to use his FOIA request and suit to challenge the Commission's compliance with MCL 125.1508b(6) and 125.1510(1). Despite defendant apparently giving him records he claims are responsive (the applications to administer and enforce filed by AuSable and Ridgeway Township), plaintiff asserts the court's decision to grant summary disposition ignores the Commission's responsibilities under both provisions, and defendant has not shown it has the authority to disregard each.[2] But this suit involves defendant's compliance with plaintiff's FOIA request, and we have already concluded that the court did not err in finding no genuine issue of fact regarding defendant's denial on the basis that no responsive records existed. The question of whether the Commission is appropriately complying with MCL 125.1508b(6) and 125.1510(1) is not before us.[3]

Finally, plaintiff argues that we should apply the same standard for determining whether a public body has met its burden to deny a FOIA request on the basis of exemption under MCL 15.235(5)(a), to a public body's denial of a FOIA request because a responsive record does not exist under MCL 15.235(5)(b). We decline to do so. First, plaintiff failed to argue below that the same standard should be applied. Second, defendant complied with the clear requirements of MCL 15.235(5)(b) by certifying that the record(s) requested by plaintiff did not exist, and adequately supported its motion for summary disposition, but plaintiff failed to demonstrate any genuine issue of material fact regarding defendant's denial of his FOIA request. Third, defendant subsequently produced to plaintiff records it believed were responsive to his request, even though not actually requested. Thus, this is not a situation where defendants have attempted to conceal the existence of documents, or the lack thereof. See *Hartzell v Maryville Community Sch Dist*, 183 Mich App 782, 787; 455 NW2d 411 (1990) (government body should not remain silent when it knows a record does not exist just to force suit).

---

[2] Plaintiff appeared to make the same argument in a prior appeal from a trial court's decision to uphold LARA's decision to deny his request for a declaratory ruling, referenced earlier in this opinion. As summarized by this Court, that case arose

> from a request from plaintiff and the Michigan Air Conditioning Contractors Association's ("MIACCA") that [LARA] issue a declaratory ruling (1) requiring that building permit applications be on forms prescribed by the [Commission] and (2) instructing the Commission and the [Bureau] "to begin the process of having the Commission prescribe the form on which applications for permit are used in Michigan." In the request for declaratory ruling, plaintiff and the MIACCA asserted that different government subdivisions provided different forms for permit applications. As a result, they stated that it cost "time and money to figure out how to complete each different application for permit satisfactorily." They also asserted that the Commission did not prescribe the permit application as required by the [SSCCA], MCL 125.1501 *et seq*. [*Forner v LARA*, unpublished per curiam opinion of the Court of Appeals, issued March 10, 2022 (Docket No. 356526), p 1-2.]

[3] In *Forner*, unpub op at 6, this Court also reasoned, "[T]he question of whether the Commission is abiding by the SSCCA is a separate question not before us."

Affirmed.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica