*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRIPLE DIPPERS and DAVID JAYE,

Plaintiffs-Appellants,

v

CHARTER TOWNSHIP OF LYON,

Defendant-Appellee.

UNPUBLISHED
December 04, 2024
1:42 PM

No. 369860
Oakland Circuit Court
LC No. 2023-198993-CZ

Before: BORRELLO, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

In this action involving claims under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., and the Open Meetings Act (OMA), MCL 15.261 *et seq*., plaintiffs appeal as of right the February 9, 2024 order of Oakland Circuit Judge Phyllis C. McMillen denying plaintiffs' motion for summary disposition and granting defendant Charter Township of Lyon's motion for summary disposition under MCR 2.116(C)(10). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On August 11, 2022, plaintiff David Jaye sent an email to Lyon Township Clerk Michelle Cash, requesting specific records under the Freedom of Information Act (FOIA). The email included 15 numbered requests for records. However, Jaye's brief on appeal indicates that only requests 9, 10, and 11 are relevant to this appeal. Therefore, our presentation of the facts will focus on those three requests.

Jaye's FOIA request stated in relevant part as follows:

Please provide the following . . . .

* * *

9) Documents showing what was passed and/or ratified [by the Lyon Township Board of Trustees] under the March 2, 2020 consent agenda regarding ratification

of Mathew Mc Naughton, Gary August, and Jennifer Grieco as special counsel for prior matters, shown in Exhibit 4.

10) The documents that were ratified, if any, when the Board passed the consent agenda on March 2, 2020, shown in Exhibit 4.

11) Documents presented to the Board for ratification under the consent agenda, on March 2, 2020, in the Board packet or otherwise, as shown in Exhibit 4. If there were none, please certify that no such documents existed.

Jaye's FOIA request referenced "Exhibit 4," which was a document containing the minutes for the township board's March 2, 2020 meeting. Exhibit 4 was attached to Jaye's FOIA request. In relevant part, the March 2, 2020 board meeting minutes stated as follows:

## APPROVAL OF CONSENT AGENDA

Approval of the minutes of the Township Board Meeting of February 3, 2020
Approval of Disbursements.
Approval of Reports
Retention of Matthew McNaughton, Zausmer, to serve as special legal counsel in HVO v Lyon Township and ratification of Matthew McNaughton, Gary August, and Jennifer Greico as special counsel for prior matters.

> **Motion by Cash, second by O'Neil**
> **To approve the consent agenda as presented.**

Voice Vote: Ayes: Unanimous
            Nays: None

## MOTION APPROVED

The township responded to Jaye's FOIA request through its FOIA coordinator, Katherine Des Rochers. The response stated in relevant part as follows:

**RESPONSE TO REQUEST 9):** This request is GRANTED. Enclosed are the December 4, 2017 retainer letter of Gary August and April 24, 2019 retainer agreement with Jennifer Grieco.

**RESPONSE TO REQUEST 10):** This request is a duplicate of Request 9. Please see response to Request 9.

**RESPONSE TO REQUEST 11):** There were no documents presented to the Board in the packet or otherwise at the meeting of March 2, 2020. However, by passing the motion to adopt the consent agenda as presented on the agenda for that meeting, the Board ratified the retainers of the respective attorneys, as described and disclosed in response to Request 9.

The retainer letter and retainer agreement referenced in the township's FOIA response were included within the attachments to Jaye's complaint in the instant lawsuit, but the content of these documents is not relevant to the issues currently on appeal.

The plaintiff, Triple Dippers—a citizens' group dedicated to combating corruption in Michigan's public bodies—filed a legal action against the township. They claimed violations of the Freedom of Information Act (FOIA) and the Open Meetings Act (OMA) and sought declaratory relief. In response, the township submitted a motion for summary disposition, while the plaintiffs filed a motion for partial summary disposition. In a written opinion and order, the trial court denied the plaintiffs' motion but partially granted the township's motion. Notably, the court dismissed Triple Dippers due to a lack of standing, ruled that the OMA claims were barred by the applicable statute of limitations under MCR 2.116(C)(7), and dismissed the claims for declaratory relief under MCR 2.116(C)(8) for failing to state a viable claim. These significant rulings by the trial court are not part of the issues being appealed.

## II. STANDARD OF REVIEW

"This Court reviews de novo the trial court's ruling on a motion for summary disposition." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 389; 872 NW2d 223 (2015). Summary disposition is properly granted under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When deciding a motion under MCR 2.116(C)(10), the trial court must "consider all the documentary evidence in the light most favorable to the nonmoving party." *Arabo*, 310 Mich App at 382 (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citation omitted).

When reviewing a trial court's decision under FOIA, an appellate court reviews de novo the trial court's legal determinations, including whether the trial court correctly interpreted and applied the FOIA. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 471-472; 719 NW2d 19 (2006); *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019). The trial court's underlying factual findings are reviewed for clear error and will not be disturbed unless this Court is "left with the definite and firm conviction that a mistake has been made by the trial court." *Herald Co, Inc*, 475 Mich at 472. This Court reviews a trial court's discretionary decisions under FOIA for an abuse of discretion, which occurs if the trial court's decision "falls outside the range of principled outcomes." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015).

## III. ANALYSIS

"FOIA is a statute intended to provide members of the public access to public records unless the Legislature enacted a statutory exemption to disclosure." *Woodman v Dep't of Corrections*, 511 Mich 427, 441; 999 NW2d 463 (2023). In general, a person who provides "a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, . . . has a right to inspect, copy, or receive copies of the requested public record of the public body," subject to the exemptions "expressly

provided" in MCL 15.243. MCL 15.233(1). "Public bodies are *required* to disclose public records upon request unless those records are specifically exempt from disclosure under MCL 15.243." *Woodman*, 511 Mich at 441-442 (emphasis added). The exemptions in MCL 15.243 are not at issue in the present appeal. "FOIA, an inherently prodisclosure statute, permits requesters to ask broadly and receive records in return unless the records are expressly exempt." *Woodman*, 511 Mich at 444.

Jaye asserts that he was entitled, under MCL 15.235(5)(b), to a formal written denial that explicitly stated and certified the absence of the records he requested in items 9 and 10 of his August 11, 2022 Freedom of Information Act (FOIA)request. Jaye asserts that the township failed to fulfill this obligation, thereby violating MCL 15.235(5)(b). He argues that providing "nonresponsive" documents in response to requests 9 and 10 was inappropriate. Additionally, Jaye points out what he considers a significant inconsistency between the township's production of attorney retainer agreements in response to those requests and its reply to request number 11, which stated that no documents were presented to the board for approval at the March 2, 2020, meeting.

Consequently, he seeks an order compelling the township to officially disclose and certify the nonexistence of the records he requested "in accordance with MCL 15.240 and MCL 15.235(4)."

Under § 5(2) of the FOIA, a public body must respond to a request for a public record, and the public body may either grant the request, deny the request, or grant the request in part and deny the request in part. MCL 15.235(2). Pursuant to MCL 15.235(5)(b), a written notice denying a request for a public record in whole or in part "must contain . . . [a] certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request." "*If a public body makes a final determination to deny all or a portion of a request*, the requesting person may . . . [c]ommence a civil action in the circuit court . . . to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request." MCL 15.240(1)(b) (emphasis added). "In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record." MCL 15.240(4).

In this case, Jaye is not asking for the disclosure of a specific record that he believes was wrongfully withheld. Instead, he is expressing his concern that the documents provided by the township in response to his requests 9 and 10 were not relevant. He argues that he should have received a formal denial along with a certification indicating that the records do not exist. Jaye relies on *Hartzell v Mayville Community Sch Dist*, 183 Mich App 782; 455 NW2d 411 (1990), to support his argument that the township violated FOIA by not responding to his FOIA requests 9 and 10 with a denial and certification that the records did not exist.

In *Hartzell*, the plaintiff was an employee of the defendant school district and had been reprimanded by the superintendent for driving on the school lawn. *Id*. at 784. Because the superintendent had allegedly "indicated that an established rule prohibited this practice," the plaintiff submitted a written FOIA request to obtain this written rule. *Id*. The defendant school district did not respond to this request, and the plaintiff filed suit under FOIA to compel the

defendant to produce the requested public record. *Id*. During the litigation, the defendant admitted that "the requested document did not exist and had not existed at the time of the request." *Id*.

This Court held that the defendant school district had violated FOIA by failing to respond to the plaintiff's FOIA request as required by MCL 15.235. *Id*. at 786. This Court explained that under MCL 15.235, "the disclosure required is not limited to the production of an existing document but . . . also includes the disclosure that the requested document does not exist." *Id*. at 787. Additionally, this Court stated that "[i]t is inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit to ascertain that the document does not exist. Although, as in this case, the court cannot grant relief in the form of ordering the production of a nonexistent document, the court can properly determine that the public body violates the FOIA by failing to disclose that the requested document does not exist . . . ." *Id*.

In this case, the township did not ignore Jaye's FOIA request; rather, it provided the records that it considered responsive. *Hartzell* does not support the claim that a public body violates FOIA simply by supplying records, instead of certifying that the requested records do not exist, based on the requester's (1) disagreement with the public body's determination of the records' responsiveness and (2) claim that the records do not exist. Jaye has not successfully shown that the trial court made an error in granting summary disposition in favor of the township regarding the relevant FOIA claims.

Regarding the OMA claim, the trial court dismissed Jaye's case because he did not cite any specific OMA statute that the township board allegedly violated. On appeal, Jaye does not address the trial court's reasoning for dismissing his OMA claim. Instead, he presents an extensive argument about how he believes the minutes from the March 2, 2020, meeting inadequately reflected the board's decisions regarding the ratification of attorney retainer agreements. This new argument is entirely different from the original OMA claim in Jaye's amended complaint, which focused on the township's procedures for approving bill payments and the board meetings that took place in August and September 2019. "When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief." *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019). As a result, Jaye has failed to show that he is entitled to any relief on his OMA claim in this appeal.

Affirmed. No costs are awarded, a public question being involved. *City of Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Stephen L. Borrello
/s/ Noah P. Hood
/s/ Adrienne N. Young